IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAMMY SUE THOMAS | * | |
| | * | |
| v. | * | Civil Case No. MJG-15-2647 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions. [ECF Nos. 12, 13]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Thomas's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Thomas protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on January 2, 2012, alleging that she became disabled on January 16, 2011. (Tr. 215-223). Ms. Thomas later amended her onset date for both claims to May 23, 2012. (Tr. 15). Her applications were denied initially and on reconsideration. (Tr. 137-42, 151-64). Following a hearing on February 6, 2014, an Administrative Law Judge ("ALJ") determined that Ms. Thomas was not disabled within the meaning of the Social Security Act during the relevant time frame, and issued an opinion denying benefits. (Tr. 12-84). The

Appeals Council denied Ms. Thomas's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Ms. Thomas suffered from the severe impairments of degenerative disc disease, degenerative joint disease, Grave's disease, varicose veins of the lower extremities, and obesity. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Thomas retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is limited to frequent climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; occasional climbing ladders/ropes/scaffolds; and only occasional exposure to cold, heat, or hazards (unprotected heights or hazardous machinery).

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Thomas could perform several representative light jobs existing in significant numbers in the national economy. (Tr. 32-33). Therefore, the ALJ concluded, Ms. Thomas was not disabled. (Tr. 33-34).

Ms. Thomas disagrees. She argues on appeal that the ALJ erred in assigning weight to the opinions of medical sources. Her argument lacks merit.

First, Ms. Thomas argues that the ALJ assigned insufficient weight to the opinion of her treating provider, Stephanie Dudzinski, a certified physician's assistant. Pl. Mem. at 8-10. The ALJ's opinion contains detailed summaries of each of Ms. Thomas's visits with Ms. Dudzinski. (Tr. 26-28). The ALJ then discussed, again in great detail, Ms. Dudzinski's opinion, noting that Ms. Dudzinski had treated Ms. Thomas only for about four months, with an appointment once per month, at the time of the opinion. (Tr. 29). Finally, the ALJ assigned Ms. Dudzinski's opinion "little to no weight" for four reasons: (1) the fact that Ms. Dudzinski is not an "acceptable medical source," (2) the fact that Ms. Dudzinski had only seen Ms. Thomas a few

times before issuing the opinion[1]; (3) the fact that Ms. Dudzinski appeared to rely on Ms. Thomas's subjective allegations "without balance;" and (4) the fact that the limitations cited by Ms. Dudzinski were inconsistent with Ms. Thomas's "mixed findings on exam" and conservative treatment for back pain. (Tr. 32). It is important to note that the ALJ did not simply reject Ms. Dudzinski's opinion because she is not a physician, but appropriately considered it as part of a review of the record as a whole. Further, the ALJ is correct that there are treatment records showing full range of motion, normal gait, intact motor strength, and mild or no tenderness. *See, e.g.,* (Tr. 60, 676, 679, 702, 705, 764, 795). While there is evidence in the record that could also be marshaled to support a finding of disability (or, specifically, an assignment of greater weight to Ms. Dudzinski's opinion), this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's extensive analysis provides ample basis for that finding.

Moreover, overall, the ALJ supported his RFC assessment with other substantial evidence, including the results of diagnostic testing, the medical records, and, to some extent, the opinions of the State agency medical consultants. (Tr. 30-32). Those consultants opined that Ms. Thomas would have fewer limitations than the ALJ eventually found. However, the ALJ assigned their opinions only "partial weight," reasoning that Ms. Thomas's need for laser ablation surgery and her diagnostic imaging results post-dating the State agency medical consultants' review suggested that she had greater limitations during the relevant period. (Tr.

---

[1] As the Commissioner noted, similarly short treatment relationships have been cited in the past as supporting an assignment of lesser weight to the opinions of treating sources, since the sources lack the type of longitudinal relationship warranting greater deference. *See, e.g.*, *Ingram v. Astrue,* Civ. No. SKG-11-1729, 2013 WL 1175444, at *12 (D. Md. Mar. 20, 2013) (finding that, after four visits, the claimant "was only at the beginning of a treatment regimen"); *Lang v. Astrue,* Civ. No. TJS-11-1909, 2013 WL 425064, at *3, and *3 n.4 (D. Md. Feb. 1, 2013) (characterizing a five month treating relationship as "short-term" and "far from substantial").

32). The record thus evidences that the ALJ performed a careful review of the medical record and supported his RFC assessment with substantial evidence. Accordingly, I recommend that his opinion be affirmed.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. The Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 12];

2. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 13];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 21, 2016                                                    /s/
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge